CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 2 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.7:06cr00044 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| AARON CAMPBELL BROWN | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a criminal prosecution against defendant, Aaron Campbell Brown, who allegedly owned and operated a website hosting and payment processing company that facilitated child pornography trafficking. The indictment charges Brown with various offenses relating to the production, sale, transportation, receipt, and importation of child pornography in violation of 18 U.S.C. §§ 2251, 2252A, 2260, and with money-laundering arising out of those offenses in violation of 18 U.S.C. § 1956. The matter is before the Court on Brown's second motion to exclude the testimony of three expert witnesses, two forensic experts "in the field of computer examination," James Fottrel and Kristi Witsman, and a Special Agent with the Federal Bureau of Investigation, Brook Donahue, who will testify from his training and experience in law enforcement about the operation of commercial child pornography websites. Brown contends that the government has failed to comply with the expert disclosure requirements of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The Court finds that the Special Agent's disclosure complies sufficiently with Rule 16 but that some supplementation to the disclosure is necessary for the two computer forensic experts. However, the court denies Brown's motion to exclude the forensic experts' testimony and, instead, directs the government

to make them available for examination via videoconference or in person under the supervision of the United States Magistrate Judge.

## I.

In December 2006 Brown filed his first motion to exclude the expert testimony of the three witnesses, and the Magistrate Judge directed the government to "give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705... during its case-in-chief at trial." The government responded by forwarding a 10 page report which contained a listing of the items examined by Fottrell and Witsman and a summary of their findings. The government also provided a two-page summary of Donahue's expected testimony. The Court finds that these supplementations were a good-faith effort to comply. Brown has filed a second motion to exclude.[1]

## II.

Rule 16(a)(1)(G) requires the government to provide a summary of the testimony to be given by any expert witness who will testify pursuant to Fed. R. Evid. 701, 703 or 705. The summary must describe the witnesses' opinions, their qualifications and the bases and reasons for those opinions. Fed. R. Crim. P. 16(a)(1)(G). The advisory committee notes further explain that the rule "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Therefore, the purpose of

---

[1] The court mistakenly believed that the parties had resolved the issue following the court's last continuance to allow Brown additional time to prepare. Counsel renewed the motion, however, during a pre-trial conference last week.

2

the rule is to provide fair notice of the content of the expert's opinion and fair notice as to how those conclusions have been reached. United States v. Yoon, 128 F.3d 515, 526-27 (7th Cir. 1997).

With these precepts in mind, given the relatively simple nature of the subject matter, the Court readily concludes that the government's disclosures concerning Donahue's expert opinions provide fair notice of his opinions and how he reached them. The court can confidently conclude that the disclosures provide Brown with "a fair opportunity to test the merit of the expert's testimony through focused cross-examination."

The disclosures concerning Fottrell's and Witsman's opinions stand on a different footing. Their testimony intertwines the highly technical field of computer forensics, and the government's summary does not in each instance describe the witness's opinions, and his or her bases and reasons for those opinions. Under the circumstances, the court cannot predict with confidence that the disclosures are sufficient to avoid surprise and properly focus cross-examination in all important respects.

Rule 16 provides the court with a broad range of remedies other than exclusion, including entry of any "order that is just under the circumstances." Rule 16(d)(2)(D). Accordingly, the court finds it appropriate under the circumstances to permit a limited, on the record, examination of Fottrell and Witsman via videoconference or in person at the government's option under the Magistrate Judge's supervision. The single purpose of that examination, as far as practicable, is to avoid surprise at trial concerning their opinions and the bases and reasons for their opinions. The purpose is not to subject the experts to cross-examination, to test their credibility, or to explore incidental facts. To that end the Magistrate Judge is requested to permit government's

counsel to question first and to permit Brown's counsel to question only if the Magistrate Judge determines that it is necessary for the disclosures to comply with Rule 16.

### III.

In accordance with the court's memorandum opinion, it is **ORDERED** and **ADJUDGED** that this matter is referred to the United States Magistrate Judge for this division of court to carry out the court's directives.

**ENTER**: This April 26, 2007.

_____
UNITED STATES DISTRICT JUDGE