FILED IN OPEN COURT
DATE 5/14/07
BY O. Thompson
DEPUTY CLERK
Roanoke DIVISION, W.D. of VA

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 7:0CR00044 |
| | : | |
| **AARON CAMPBELL BROWN** | : | |

## PLEA AGREEMENT

I, AARON CAMPBELL BROWN, and my counsel, David J. Damico and Raphael E. Ferris, Esquire, have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

1. **CHARGES TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS**

I will enter a plea of guilty to Counts One and Seven of the First Superseding Indictment, charging me with Conspiracy to Sell, Transport, Reproduce, Distribute and Receive Child Pornography (Count One), and Money Laundering (Count Seven). The maximum statutory penalties <u>as to each count</u> are: Count One - a mandatory minimum five (5) years imprisonment and up to twenty (20) years imprisonment, a fine of $250,000, plus a period of supervised release of five years to life; Count Seven - up to twenty (20) years imprisonment, a fine of $500,000, plus a period of supervised release. Pursuant to U.S.S.G. § 5D1.2(B)(2), the period of supervised release imposed for each offense shall not be less than the minimum term of years specified for the offense and may be up to life. In addition, my assets may be subject to forfeiture. I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment per felony count of conviction.

My attorney has informed me of the nature of these charges and the elements of these charges which must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

*Defendant's Initials:* AB         1

I acknowledge that I have had all of my rights explained to me and I expressly recognize that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea.
b. The right to a speedy and public jury trial.
c. The right to assistance of counsel at that trial and in any subsequent appeal.
d. The right to remain silent at trial.
e. The right to testify at trial.
f. The right to confront and cross-examine government witnesses.
g. The right to present evidence and witnesses in my own behalf.
h. The right to compulsory process of the court.
i. The right to be presumed innocent.
j. The right to a unanimous guilty verdict.
k. The right to appeal a guilty verdict.

I am pleading guilty as described above because I am in fact guilty and because it is in my best interest to do so and not because of any threats or promises other than those contained in this agreement. In addition, I am not under the influence of any substance that would impede my ability to fully understand this Plea Agreement. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be other than those contained in this agreement.

It is understood that the matter of sentencing is within the sole discretion of the Court, subject to the advisory United States Sentencing Guidelines ("Sentencing Guidelines") and this Agreement. I understand that the Sentencing Guidelines apply to this charge and create a presumption of a mandatory period of incarceration. I have discussed sentencing issues with my attorney and realize that I will be incarcerated. I understand that I will not be eligible for parole during any term of imprisonment imposed. I understand that the advisory guideline sentence will be determined from a variety of factors involved in the offense and related conduct, including my role in the offense and my prior criminal history.

2. **DISMISSAL OF COUNTS; WAIVER OF LITIGATION EXPENSES**

In exchange for my pleas of guilty to Counts One and Seven, the United States will move to dismiss the remaining Counts of the Indictment upon

*Defendant's Initials:* AB                    2

acceptance of the pleas of guilty. I stipulate that the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, that these charges were not frivolous, vexatious or in bad faith, and that I am not a "prevailing party" with regard to these charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

### 3. BOOKER-FANFAN ACKNOWLEDGEMENT; BLAKELY WAIVER

I understand that due to a recent United States Supreme Court decision the United States Sentencing Guidelines are advisory and not mandatory to the district court. The parties have agreed that pursuant to F.R. Crim.P. 11(c)(1)(C) the guidelines provisions in this Plea Agreement are binding on the court if the agreement is accepted by the court. I waive any right I may have for facts that determine my offense level under the Guidelines, including facts that support any specific offense characteristic or other enhancement or adjustment, to be alleged in the charging document and/or to be found by a jury beyond a reasonable doubt. I understand that by signing this Plea Agreement I waive any right to a jury determination of sentencing factors that may exist under *Blakely v. Washington,* 524 U.S. 296 (2004), *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and any cases interpreting these two Supreme Court decisions.

### 4. OFFENSE CHARACTERISTICS - COUNT ONE

The United States and I agree that, pursuant to F.R.Crim.P. 11(c)(1)(C), that Sentencing Guideline § 2G2.2, with a base offense level of 22, is applicable to my criminal conduct in Count One. I further agree that as to that count: (1) the material involved a prepubescent minor or a minor who had not attained the age of 12 years, and that the offense level will be increased by 2 levels; (2) distribution for pecuniary gain in the amount of more than $10,000 but less than $30,000, and that the offense level will be increased by 5 levels; (3) the offense involved the use of a computer and interactive computer service for the possession, transmission, receipt, or distribution of the material, and that the offense level will be increased by 2 levels; (4) the offense involved at least 150 but fewer than 300 images, and that the offense level will be increased by 3 levels. The United States and I agree that none of the other enhancements or mitigating factors listed in U.S.S.G. § 2G2.2 or other provisions of the sentencing guidelines are applicable to me. The United States and I agree, pursuant to F.R.Crim.P. 11(c)(1)(C), that my adjusted offense level is 34, and that, based on a Criminal History Category of I and after the application of a three level

*Defendant's Initials:* AB        3

adjustment for acceptance of responsibility described in paragraph 5 below, the sentencing guideline range applicable to me would be 108 to 135 months imprisonment.

### 5. OFFENSE CHARACTERISTICS - COUNT SEVEN

The United States and I agree that, pursuant to F.R.Crim.P. 11(c)(1)(C), that the adjusted offense level applicable to Count Seven is 34 as described in paragraph 4 above, and that, based on a Criminal History Category of I and after the application of a three level adjustment for acceptance of responsibility described in paragraph 5 below, the sentencing guideline range applicable to me would be 108 to 135 months imprisonment. The parties recognize that application of U.S.S.G Section 2S1.1, absent this stipulation, could result in a higher adjusted offense level.

### 6. GROUPING RULES

The United States and I understand that the offenses are "closely related counts" and will be grouped pursuant to U.S.S.G Sections 3D1.1 and 3D1.2, and that no further increase in combined offense level is applicable under U.S.S.G. Section 3D1.4.

### 7. ACCEPTANCE OF RESPONSIBILITY

If, in fact, I accept responsibility for my actions, testify truthfully if called upon to do so, acknowledge factual guilt before the Court at the time of my guilty plea and sentencing, and fulfill the conditions of this plea agreement, I understand that the United States, through its attorney, will recommend that the Court grant me a two (2) level reduction in my offense level for acceptance of responsibility under Guideline Section 3E1.1(a). I must clearly demonstrate acceptance of responsibility for my criminal offenses. The United States agrees that I timely notified authorities of my intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. The United States agrees to file a motion under U.S.S.G. § 3E1.1(b), and if the court finds that I am entitled to a two level downward adjustment, I should receive an additional one level downward adjustment under U.S.S.G. §3E1.1(b).

I understand that any attempt to deny that I committed the crimes to which I have agreed to plead guilty, any attempt to withdraw my guilty plea, the commission of any new crimes, or any other breach of this Agreement, including

*Defendant's Initials:* AB                                    4

my failure to pay my mandatory special assessment, will nullify the United States agreement that I should receive credit for acceptance of responsibility.

### 8. MANDATORY ASSESSMENT

I understand that persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction, as required by Title 18, United States Code, Section 3013. I agree that I will submit a check or money order for the total amount of the assessment in my case to the United States Attorney's Office upon my acceptance of this plea agreement and upon returning to them a signed copy of this plea agreement. . I will make the check or money order payable to **Clerk, United States District Court** for the total amount of $200. The United States Attorney's Office may, at its option, withdraw from this plea agreement unless and until this payment is made. Further, I understand and agree that if I fail to pay the special assessment on, or prior to, the date of my sentencing, I will not have demonstrated minimal acceptance of responsibility and should not be granted any reduction in my offense level under the Sentencing Guidelines for acceptance of responsibility.

### 9. PROFFER EVIDENCE

I understand that information given during a proffer or during cooperation will not be used against me to enhance my sentence pursuant to Sentencing Guideline Section 1B1.8, but may be referred to by the presentence report preparer as an indication of my acceptance of responsibility and may be referred to as my version of the events leading to these charges. I also understand that this paragraph shall not grant derivative use immunity and shall not limit information at sentencing received from codefendants or other sources.

I further understand that if I supply untruthful information during any proffer, or at any other time, I may be prosecuted for perjury, for giving a false statement, or for obstruction of justice.

I understand that my attorney may be present at any debriefing or contact with any agent or attorney of the United States. However, by the signatures below, my attorney and I expressly waive the presence of counsel at such meetings and that government agents and attorneys may contact me without the prior approval of my attorney. At any time during such meetings with government agents and attorneys I may request the presence of my attorney and the meeting will be suspended until my attorney arrives. This paragraph shall not apply to the initial meeting with government agents and attorneys, at which my

*Defendant's Initials:* AB                    5

counsel will be present. The government understands that the defendant will likely request the presence of counsel for the first several meetings with government agents and attorneys.

### 10. SUBSTANTIAL ASSISTANCE

It is understood by the parties that if I provide full, complete, and truthful information and cooperation, the United States may, but is not required to, make a substantial assistance motion under Sentencing Guideline §5K1.1, 18 U.S.C. 3553(e), or Rule 35(b) of the Federal Rules of Criminal Procedure. This motion if granted would allow, but not require, the sentencing court to depart below the applicable sentencing guideline range. The parties understand and agree that whether this motion is made is in the sole discretion of the United States Attorney. Defendant further understands that if the motion is made the sentence to be imposed is entirely up to the sentencing court, and that the decision whether to grant the motion, and as to how much, if any, reduction in sentence is warranted, rests solely with the sentencing court.

The defendant agrees to provide complete and truthful information to attorneys and law enforcement officers of the government, and to neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity. Defendant agrees to attend all meetings, grand jury sessions, trials, or other proceedings as requested, to respond truthfully and completely to all questions or inquiries, and to produce documents, records, or other tangible evidence as requested. By the signatures below, my counsel and I expressly waive the presence of counsel at debriefings and agree that government agents and attorneys may contact me without prior approval. At any time during such meetings, however, I may request presence of counsel and the meeting will be suspended to allow me to contact counsel and obtain his/her presence if desired. This paragraph shall not apply to the initial meeting with government agents and attorneys, at which my counsel will be present. The government understands that the defendant will likely request the presence of counsel for the first several meetings with government agents and attorneys.

It is understood that I will not commence any contact with suspects until specifically directed to do so by a law enforcement officer participating in this case. During the investigation, I will not disclose to any person, other than my attorney, any information about the investigation or the fact that I am cooperating.

Any breach of this paragraph will be determined in the sole discretion of the United States Attorney. If this paragraph is breached in any matter, all

*Defendant's Initials:* AB        6

statements I made may be used against me in a criminal prosecution. This paragraph may be considered breached if, for example, I should withhold information or provide false information, warn others, disclose cooperation or information, be arrested or involved in any criminal offense, including bond violations and drug usage, or fail to appear as required. My involvement in criminal offenses shall be determined in the sole discretion of the United States Attorney who will not be constrained by any particular burden of proof.

I understand and agree that this plea agreement is not contingent in any way on the United States making a substantial assistance motion. I also understand that such a motion will not be dependent upon the United States obtaining a conviction, as long as I have provided complete and truthful information and testimony. I further understand that once the motion for a departure is made by the United States the sentence will be entirely up to the Court in its discretion. I also understand that the United States may recommend to the Court that I receive a substantial sentence, although one less than would otherwise apply under the Guidelines.

## 11. DUTY TO PROVIDE FINANCIAL STATEMENT

I understand that in this case there is a possibility that substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation in that matter and in order to assist the United States in any necessary collection of those sums, I agree to fully and truthfully submit a complete financial statement revealing all of my assets and liabilities to the United States on a form provided by the United States.

Within 30 days of the date of this Plea Agreement I agree to provide a complete financial statement to the United States Attorney's office detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other business entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year I enter my guilty plea. This financial statement shall be submitted in a form acceptable to the United States Attorney's office. The undersigned counsel and I agree and consent to contact by and communication with the Financial Litigation Unit and waive any prohibition against communication with a represented party regarding the defendant's financial status.

From the time of the signing of this agreement, I agree not to convey any thing of value to any person without the authorization of the United States

*Defendant's Initials:* AB                               7

Attorney's Office. I understand that a deliberate false statement as to these matters would be a felony under federal law, in violation of Title 18, United States Code, Section 1001 and Section 401, and could constitute a breach of the agreement by me and could render this Agreement null and void, regardless of any cooperation or assistance that I may have previously provided.

## 12. DOWNWARD OR UPWARD DEPARTURE OR VARIANCE

I agree that no grounds exist for a downward departure or variance from the sentencing guidelines, other than a potential departure for substantial assistance, and that I will not seek a downward departure or variance from the sentencing guidelines. I understand that the United States agrees that no grounds exist for an upward departure or variance from the sentencing guidelines, and that it will not seek an upward departure or variance from the sentencing guidelines.

## 13. WAIVER OF RIGHT TO APPEAL SENTENCE

I understand that I will have a copy of my presentence report well in advance of my sentencing hearing and that I will have an opportunity to go over it with my attorney and may file any objection to all or parts of it that I feel are not correct. I understand that I will have an opportunity at the sentencing hearing to bring witnesses, to cross-examine the government's witnesses, and to demonstrate to the Court what an appropriate sentence would be . I am aware that under the recent Booker and Fanfan cases I have the right to appeal an "unreasonable" sentence imposed by the district court. Acknowledging all this, I knowingly waive the right to appeal any sentence within the advisory guideline range of punishment as calculated by the district court, including any statutory minimum penalties subject to the terms of this plea agreement. I understand that the United States expressly reserves its right to appeal any sentencing issues.

## 14. WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT

I am aware that I may have a right to later attack my conviction and/or sentence in a proceeding separate from this criminal proceeding. In return for the promises in this plea agreement, I agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255 or any other provision of law, the judgment and any part of the sentence imposed upon me by the Court.

*Defendant's Initials:* AB        8

## 15. INFORMATION ACCESS WAIVER

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

## 16. WAIVER OF WITNESS FEE

I agree to waive all rights, claims or interest in any witness fee that I may be eligible to receive pursuant to Title 28, United States Code, Section 1821, for my appearance at any Grand Jury, witness conference or court proceeding during the pendency of this case.

## 17. FORFEITURE, OFFICIAL USE OR DESTRUCTION OF CONTRABAND

I consent to the administrative forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by any law enforcement agency from my possession of from my direct or indirect control. I will execute any documents necessary to comply with this provision of this agreement.

## 18. WAIVER OF STATUTE OF LIMITATIONS

If, for any reason, this Plea Agreement is withdrawn or otherwise not consummated by the entry of the convictions and sentences provided for under this Plea Agreement or if this Agreement is set aside by any court, I hereby waive my right to raise the defense of the statute of limitations as to any charges reinstated before the Court which were brought in the original Indictment against me but dismissed as a result of this Plea Agreement.

## 19. FORFEITURE

I am aware that the United States has seized or restrained various items of property as part of this criminal action. As part of this plea agreement, I agree to the following:

*Defendant's Initials:* AB   9

a. I agree to forfeit any right, title, and interest I may have in: property that was used, or intended to be used, to commit or promote the commission of violation of Title 18, §§ 2251, 2251A, 2252, or 2252A or were matters which contained depictions of child pornography; and (2) property involved in money laundering offenses, and any property traceable to such property; and/or property which is forfeitable as substitute assets for property that would be otherwise subject to forfeiture, the sum of which shall be determined by the court after a full and fair hearing if the parties cannot agree prior to sentencing.

b. I agree to make a full financial disclosure and to cooperate fully in the forfeiture of property subject to forfeiture, and to execute an abandonment agreement on all property agreed upon if requested by the United States, and any such other property deemed forfeited by the court. I agree to withdraw any existing claims and/or agree not to file any claims in any administrative forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. I agree to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise effectuate forfeiture of the property. I further agree to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

c. I further agree to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons, and agree to submit to a polygraph examination, at the option of the government, regarding the truthfulness of the asset disclosures.

d. I understand and agree that forfeiture of this property is proportionate to the degree and nature of the offense committed by me, and does not raise any of the concerns raised in United States v. Austin, 113 S.Ct. 2801 (1993). To the extent that such concerns are raised, I freely and knowingly waive any and all right I may have to raise a defense of "excessive fines" under the Eighth Amendment to this forfeiture. I further understand and agree that this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the court.

e. I hereby release and forever discharge the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts,

*Defendant's Initials:* AB

10

judgments, damages, claims, and/or demands whatsoever in law or equity which I ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

  f. I further agree to hold and save the United States, its servants, employees, heirs, successors, or assigns harmless from claims, including costs and expenses for or on account of any and all lawsuits inclusive of torts and Bivens, or claims of any character whatsoever, in connection with the seizure and detention of the described assets.

  g. I understand that a breach of any of the provisions of this section is a material breach of the plea agreement. In the event of such breach, the United States may elect to pursue one or more of the remedies set forth in this plea agreement.

### 20. REMEDIES FOR BREACH OF PLEA AGREEMENT

I understand that if I breach any provision of this agreement, at any time, including any attempt to withdraw my guilty plea, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void and proceed to trial; (b) refuse to recommend that I be credited with acceptance of responsibility; (c) seek an upward departure from the guidelines range, or seek imposition of a sentence at the high end of the guidelines range; (d) terminate my opportunity to perform substantial assistance, if such opportunity has been provided, or refuse to make a substantial assistance motion, regardless of whether substantial assistance has been performed or not; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any other sentencing or other stipulations contained in this plea agreement; (g) use this plea agreement, any statement I have made during any guilty plea hearing (including my admission of guilt), any proffer session, or during my attempt to provide substantial assistance, against me in this or any other proceeding; (h) proceed to trial as to any counts to which I have not pled guilty; and (i) take any other action provided for under this agreement or by statute, regulation or court rule. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have any statement, or evidence derived from such statement, suppressed or excluded from going into evidence. The remedies set forth above are cumulative, and not mutually exclusive. Should the court reject this plea agreement pursuant to F.R.Crim.P. 11 and permit me to withdraw my plea of guilty, withdrawal of the plea shall not be considered a breach of the plea agreement.

*Defendant's Initials:* AB     11

## 21. COMPLETION OF PROSECUTION

I understand that except as provided for in this plea agreement, there will be no further prosecution of me in the Western District of Virginia for any matters about which the United States has specific knowledge gained from the investigation that gave rise to the charges contained in this Indictment.

## 22. LIMITATION OF AGREEMENT

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any state or local authorities.

## 23. EFFECTIVE REPRESENTATION

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorneys and am satisfied with my attorneys and their advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction I may have with my attorneys' representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorneys' representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

## 24. GENERAL UNDERSTANDINGS

I understand that, because this agreement is entered into pursuant to F.R.Crim.P. 11(c)(1)(C), if the district court rejects the plea agreement, I will have the right to withdraw my guilty plea.

I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration.

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and will in all likelihood recommend that I receive a substantial sentence.

*Defendant's Initials:* AB          12

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the probation office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I understand that the United States will object to any downward departure from the sentencing guidelines, absent the filing of a motion permitting downward departure under Sentencing Guideline Section 5K1.1, Title 18, United States Code, Section 3553(e) and/or Federal Rules of Criminal Procedure 35(b).

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document to which I am pleading guilty.

I understand that this agreement does not apply to any crimes that I may commit hereafter, including perjury. I understand that if I should testify falsely in this or in a related proceeding that I may be prosecuted for perjury and that statements that I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorneys will be free to argue any mitigating factors in my behalf and will be free to propose any alternatives to incarceration available under the sentencing guidelines. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete Plea Agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This Plea Agreement supersedes all prior understandings, promises, agreements, or conditions, between the United States and me.

I have consulted with my attorneys and fully understand all my rights with respect to the offenses charged in the pending indictment. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Guidelines. I have read this plea agreement and carefully

*Defendant's Initials:* _AB_         13

reviewed every part of it with my attorneys. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 2007. 05. 08

**Aaron Campbell Brown**
**Defendant**

We represent the defendant. We have fully explained to our client all rights available to my client with respect to the offenses charged in the pending indictment. Further, we have reviewed the provisions of those Guidelines which may apply in this case. We have carefully reviewed every part of this plea agreement with our client. To my knowledge, our client's decision to enter into this agreement is an informed and voluntary one and it is a decision with which we agree.

Date: 5/8/07

David J. Damico, VSB # 16229
**Counsel for Defendant**

Date: May 8, 2007

Raphael E. Ferris, VSB # 21973
**Counsel for Defendant**

Acknowledged:

Date: 5/9/07

Joseph W. H. Mott
**Assistant United States Attorney**
Virginia State Bar No. 21852

Date: 5/14/07

Sherri Stephan
**Trial Attorney**
**U. S. Department of Justice**

*Defendant's Initials:* AB

14